# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MCCALLUM, | Case No. 2:14-cv-00459-RFB-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| OFFICER SEAN HORLACHER, | |
| Defendant. | |

Before this Court are Plaintiff's motion for appointment of counsel (doc. # 17), motion to bring evidence of video (doc. # 16), and motion for evidentiary hearing (doc. # 18), all filed March 16, 2015.[1] Also before the Court are Defendant's responses (docs. # 20, # 21), and Plaintiff's motion to amend (doc. # 22), which this Court construes as a reply to Defendant's response to Plaintiff's motion to bring evidence of video (doc. # 16).

## BACKGROUND

Plaintiff, proceeding pro se and in forma pauperis, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Ely State Prison. On April 29, 2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eight Amendment claim for excessive force. See Doc. # 2. Defendant filed an answer to the complaint on September 26, 2014. See Doc. # 11. Thereafter, this Court entered a scheduling order governing discovery in the instant case. See Doc. # 13.

---

[1] The Court notes that Plaintiff incorrectly used Title 28, Section 2254 forms for his motion to appoint counsel and motion for evidentiary hearing in this Title 42, Section 1983 case.

**DISCUSSION**

**1.     Motion for Appointment of Counsel (doc. # 17)**

Plaintiff requests that counsel be appointed because his case is complex and he is unable to adequately represent himself.  Defendant, in response, contends Plaintiff's request should be denied because: (1) imprisonment alone is insufficient to warrant counsel, (2) Plaintiff fails to identify any specific legal materials or assistance he has been unable to obtain, (3) the instant case does not present extraordinary circumstances and is not unusually complex, and (4) Plaintiff is unlikely to prevail on the merits of his claims.  Plaintiff did not file a reply.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted).  To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331.  The court has considerable discretion in making these findings.

Upon review, the Court agrees with Defendant and finds that the exceptional circumstances necessary to justify appointment of counsel are not present.  Plaintiff has previously demonstrated his ability to articulate his claims and the legal issues are not complex.  So long as a pro se litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. Wilborn, 789 F.2d at 1331 (emphasis added).

**2.     Motion to Bring Evidence of Video (doc. # 16)**

Plaintiff asks the Court if he can bring a video into evidence.  Defendant, in response, contends that Plaintiff fails to provide any authority in support of his motion.  Defendant adds that Plaintiff's motion amounts to an impermissible discovery request because Plaintiff "is not known to have

obtained the video," and Plaintiff was previously instructed to refrain from filing his discovery requests on the record. See Doc. # 20 at 1-2 (citing Doc. # 15).

In reply, Plaintiff argues this Court should order Defendant to produce the video and provide Plaintiff with a copy, especially since Defendant is so confident he will prevail in this case and the video at issue captured the entire incident upon which Plaintiff basis his claims.

The Court denies Plaintiff's requests. Plaintiff may submit the video as an exhibit, in support of a motion, but may not submit it to the Court at this time. Plaintiff shall also direct his discovery request regarding the video to Defendant and not this Court.

**3.    Motion for Evidentiary Hearing (doc. # 18)**

Plaintiff requests an evidentiary hearing in the instant case. However, Plaintiff fails to explain why an evidentiary hearing is required. As such, this Court denies Plaintiff's request.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (doc. # 17) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to bring evidence of video (doc. # 16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for evidentiary hearing (doc. # 18) is **denied**.

DATED: April 23, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**