1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES MCCALLUM,                                         )
                                                        )          Case No. 2:14-cv-00459-RFB-CWH
                             Plaintiff,                  )
                                                        )          **ORDER**
vs.                                                     )
                                                        )
OFFICER SEAN HORLACHER,                                 )
                                                        )
                             Defendant.                 )
_____)

Before the Court are Plaintiff's motion to extend copy limit (doc. # 42) and motion to compel

back-ordered legal supplies (doc. # 43), both filed on March 22, 2016.  Also before the Court are

Defendant's responses (docs. # 44, # 45).  Plaintiff did not file a reply.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, is a prisoner in the custody of the Nevada

Department of Corrections and currently incarcerated at High Desert State Prison. On April 29, 2014,

the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eight

Amendment claim for excessive force. See Doc. # 2.  Defendant filed an answer to the complaint on

September 26, 2014. See Doc. # 11.  The Court subsequently entered a scheduling order governing

discovery in the instant case. See Doc. # 13.  Thereafter, discovery was extended to May 12, 2016.

See Doc. # 41, # 47.

**DISCUSSION**

**1.      Motion to Extend Copy Limit (doc. # 42)**

Plaintiff asks the Court to increase his copy work limit because he purportedly "used up his

1    allotted limit in previous cases and now cannot get any copies made for his discovery in this one."

2    Doc. # 42 at 3.

3        Defendant, in response, informs the Court that Plaintiff has an unpaid balance of approximately

4    $110.00 in copy work fees.  Defendant adds that he does not oppose a modest increase of Plaintiff's

5    copy work limit since discovery has been reopened and extended in this case.  Plaintiff did not file a

6    reply.

7        A petitioner does not have a right to free photocopying.  Johnson v. Moore, 948 F.2d 517, 521

8    (9th Cir. 1991); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989), overruled on other grounds by

9    Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011) (stating "numerous courts have rejected any

10   constitutional right to free and unlimited photocopying").  Under Administrative Regulations 722,

11   "inmates can only accrue a maximum of $100.00 debt for copy work expenses."  NDOC-AR

12   722.01(7).  However, a court "can... order a prison to provide limited photocopying when it is

13   necessary for an inmate to provide copies to the court and other parties."  Allen v. Clark Cnty. Det.

14   Ctr., No. 2: 10-CV-00857-RLH, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011).

15       As a preliminary matter, the Court notes that Plaintiff has an unpaid balance of $110.00, which

16   appears to have been generated as a result of Plaintiff's involvement in other cases.  The Court finds

17   that Plaintiff, not this Court, is responsible for that balance.  However, the Court will increase

18   Plaintiff's copy work limit by 120 pages, to be used strictly for discovery in this case and not in any

19   other case.  Plaintiff is therefore advised to prudently use his copy work limit, and utilize carbon paper

20   and other alternative resources to generate copies for discovery purposes.

21   **2.    Motion to Compel Back-Ordered Legal Supplies (doc. # 43)**

22       Plaintiff asks to be provided legal supplies so he can engage in discovery in this case.  In

23   response, Defendant contends that Plaintiff was recently given the legal supplies he requested.

24       It appears that the issue of Plaintiff's access to legal supplies has been resolved.  As such, the

25   instant motion is denied as moot.

26                                **CONCLUSION AND ORDER**

27       Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to extend copy limit (doc.

28   # 42) is **granted**.

1    **IT IS FURTHER ORDERED** that Plaintiff's motion to compel back-ordered legal supplies

2  (doc. # 43) is **denied as moot**.

3        DATED: May 5, 2015

4

5  _____

    **C.W. Hoffman, Jr.**
6  **United States Magistrate Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28