UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES MCCALLUM,<br><br>        Plaintiff,<br><br>v.<br><br>SEAN HORLACHER,<br><br>        Defendant. | Case No. 2:14-cv-00459-RFB-CWH<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Defendant Sean Horlacher's Motion for Order to Show Cause. ECF No. 54. In his motion, Horlacher seeks an order directing Plaintiff James McCallum to show cause why this action should not be dismissed for abandonment. Horlacher attaches a letter to his brief, purportedly from McCallum, in which McCallum states that he no longer wishes to participate in this case and will not be accepting mail from opposing counsel or the Court. In addition, the Court's docket reflects that McCallum refused to accept a copy of the Court's Order issued on May 17, 2016 when it was mailed to him at High Desert State Prison. See ECF No. 53.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). A court may also dismiss an action for failure to comply with any of its orders. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (listing the factors courts must consider when deciding whether to dismiss a claim for failure to prosecute or failure to comply with a court order). Based upon the information provided in Horlacher's motion, it appears McCallum no longer wishes to prosecute this action.

Therefore,

**IT IS ORDERED** that Plaintiff James McCallum shall show cause, in writing, no later than **July 7, 2016** why this case should not be dismissed due to his apparent abandonment of his claim. Failure to respond could result in sanctions, including dismissal of his case.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is STAYED pending further order of the Court. If Plaintiff provides a satisfactory reason why this case should not be dismissed, the Court will issue an order setting a new dispositive motion schedule. The discovery deadline shall remain at June 27, 2016.

DATED: <u>June 22, 2016</u>.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**