**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMES MCCALLUM,<br><br>        Plaintiff,<br><br>v.<br><br>SEAN HORLACHER,<br><br>        Defendant. | Case No. 2:14-cv-00459-RFB-CWH<br><br>**<u>ORDER</u>** |

      On June 22, 2016, the Court issued an Order to Show Cause directing Plaintiff James McCallum to show cause by July 7, 2016 why this case should not be dismissed due to his apparent abandonment of his claim. ECF No. 55. In its Order, the Court warned McCallum that "[f]ailure to respond could result in sanctions, including dismissal of his case." <u>Id.</u> at 2. McCallum did not respond to the Order to Show Cause. On July 5, 2016, the Order to Show Cause was returned to the Court as undeliverable; the envelope states that the mailing was refused. ECF No. 58. This is consistent with McCallum's prior statement that he no longer wishes to participate in this case and will no longer accept mail from opposing counsel or the Court. <u>See</u> Order to Show Cause, ECF No. 55.

      "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984). A court may also dismiss an action for failure to comply with any of its orders. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); Fed. R. Civ. P. 41(b). "Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

With respect to the first factor, the Court finds that dismissal would best serve the public's interest, as McCallum has not shown a willingness to prosecute his case or comply with the Court's orders. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

The second factor is the Court's need to manage its own docket. In exercising its inherent power to control its own docket, a court may impose sanctions when appropriate, including dismissal. PPA Products, 460 F.3d at 1227. This factor weighs in favor of dismissal here. McCallum's unwillingness to prosecute his case has already led to the issuance of an order to show cause that required time from the Court that could have been used addressing the merits of this case or other cases pending on the Court's docket. McCallum's conduct has impaired the Court's ability to manage its docket so as to efficiently provide relief to all parties that come before it.

Third, the Court must consider the risk of prejudice to the defendant, Sean Horlacher. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. (internal quotation marks omitted). While the mere fact that the lawsuit is pending is not enough to support a finding of prejudice, the risk of prejudice is also related to the plaintiff's reason for failing to obey the court's order. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Here, McCallum has offered no reason for his failure to comply with the Order to Show Cause. The letter attached by Defendant in his Motion for Order to Show Cause, however, suggests that McCallum simply decided to stop participating in this case and is no longer accepting mail from the Court. See Mot. Order Show Cause Ex. 1, ECF No. 54-1. This unnecessary and unreasonable delay interferes with Defendant's ability to go to trial or obtain a rightful decision on the merits; the third factor therefore weighs in favor of dismissal.

The fourth factor to be considered is the public policy favoring disposition of cases on the merits. This factor "strongly weighs against dismissal. At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations

cannot move forward toward resolution on the merits. . . . [T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." PPA Products, 460 F.3d at 1228 (citation and internal quotation marks omitted). As the plaintiff, McCallum is responsible for prosecuting his case, and his conduct has unreasonably delayed the disposition of this case on the merits. This factor therefore weighs in favor of dismissal.

Finally, the Court considers the availability of less drastic sanctions. In its Order to Show Cause, the Court warned McCallum that failure to respond may result in sanctions, including dismissal of his case. Despite this warning, McCallum did not respond to the Order to Show Cause. Moreover, the letter attached in Defendant's motion indicates that McCallum fully intends to refuse all further mailings from Defendant and from the Court and will not participate in this case. The Court thus finds that there is no lesser, alternative sanction available to it.

Taken together, the Court finds that these five factors weigh in favor of dismissal. For these reasons,

**IT IS ORDERED** that this case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to close this case.

**DATED**: July 11, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**